STEPHEN J. REMSEN, PLAINTIFF-APPELLANT, v. J. RUSSELL WOOLLEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 3, 1952—Decided November 5, 1952.

460

Before Judges EASTWOOD, GOLDMANN and FRANCIS.

*Mr. Ira J. Katchen* argued the cause for the plaintiff-appellant.

*Mr. John M. Pillsbury* argued the cause for the defendant-respondent (*Messrs. Roberts, Pillsbury, Carton & Sorenson,* attorneys).

The opinion of the court was delivered by

EASTWOOD, S. J. A. D. The plaintiff appeals from a summary judgment entered by the Law Division against him, dismissing his complaint filed in lieu of a prerogative writ, wherein he sought affirmative relief to compel the defendant, clerk of Monmouth County, to furnish a copy of the registry list of voters of that county and for a summary judgment on his complaint.

The pertinent language of the Elections Law around which this controversy centers is contained in *N. J. S. A.* 19:31–18.1 (See *L.* 1947, *c.* 347, *p.* 1137, *sec.* 2, supplementing *Title* 19, *c.* 31 and as amended, *L.* 1951, *c.* 273, *p.* 941, *sec.* 1) and reads as follows:

> "The county clerk in all counties may cause copies of the registry lists, certified and transmitted under section 19:31–18 of the Revised Statutes, to be printed in handbill form, and shall furnish to any voter applying for the same such copies, charging therefor twenty-five cents ($0.25) per copy."

The facts are not in dispute. The plaintiff is a voter of Monmouth County and a candidate for the board of freeholders on the Democratic ticket at the general election on

November 4 of this year. Remsen had made two oral and one written request to the county clerk for a copy of the registry lists, tendering to him the statutory fee of 25 cents. The county clerk refused to comply with the request, stating that he had not caused such copies to be printed in handbill form; that he was not able to get a list completed before an election; that, during the 13 years he had served as county clerk, owing to the "tremendous cost of printing it had never been his policy to cause the county this additional expense" and "that copies of the list had been furnished the political parties and all the mandatory items of the act had been strictly complied with." The Board of Elections of Monmouth County, although there is no such statutory duty devolving upon it, has been following the practice of furnishing to each political party five copies of the registry lists. The statutory direction to the county board of elections with respect to the certification and transmission to the county clerk of the complete registry list was complied with. *R. S.* 19:31–18. That registry list duly on file in the county clerk's office contains the names and addresses of 126,345 voters.

We are satisfied that the Law Division properly denied Remsen's application for relief. One need merely to examine the pertinent antecedent legislation to become convinced that the provision *N. J. S. A.* 19:31–18.1 is permissive and not mandatory. The "act to regulate elections (Revision of 1930)" was approved April 18, 1930, effective July 1, 1930, *L.* 1930, *c.* 187, *p.* 671. *Paragraph 370, sec. 2,* of the 1930 act, provides:

"The County Clerk in counties of the first class shall forthwith and the county clerk in all other counties may cause copies of said registry lists to be printed in handbill form, and shall furnish to any voter applying for the same, copies of said registry lists, charging therefor twenty-five cents per copy; * * *"

The 1937 *Revision* (*R. S.* 19:30–2) is, in its pertinent provision, identically the same. By *L.* 1947, *c.* 347, *sec.* 5, *R. S.* 19:30–2 was repealed, but by section 2 thereof, it was

re-enacted by omitting the compulsory directive to first-class counties. There was a further amendment in 1951 (*L.* 1951, *c.* 273, *p.* 941, *sec.* 1; *N. J. S. A.* 19:31–18.1) to eliminate "chief of police," but otherwise the pertinent language of the provision is the same as that of the 1947 act. Thus, by a comparison of the 1930 provision (wherein the Legislature distinguished between the duty devolving upon the clerk of first-class counties and that upon clerks of all other counties), with the 1947 and 1951 amendments the legislative intendment is quite clear and unambiguous. The 1951 amendment now applies to all counties, making the printing and distribution of the handbills by the county clerks permissive, and not mandatory. The only case cited by the appellant in support of his contention that the duty is a mandatory one is the case of *Casey v. MacPhail,* 2 *N. J. Super.* 619 (*Law Div.* 1949). This case is clearly not applicable. The only question there decided was that Casey, as a candidate for public office, was entitled to inspect and examine the registry list or the registration·forms of the voters in the possession of the Superintendent of Elections of Hudson County. The question at issue here was not passed upon.

The plaintiff argues that the use of the word "shall" is clearly indicative of a mandatory direction to the county clerk. We fail to perceive the force of this contention. To give the provision such a construction would completely ignore that part of the provision that the county clerk *may* cause copies to be printed in handbill form. Obviously, the Legislature intended that, if in the exercise of his discretion the county clerk does cause copies to be so printed, he is then required to furnish copies thereof to any voter upon request and payment of the stated fee. It is the established rule that even where the Legislature has used the word "shall" in a statute, it may and will be construed as directory only and not mandatory, where the intent of the Legislature as gathered from the language of the statute as a whole so indicates. See *Schnyder v. McGovern,* 2 *N. J. Misc.* 249, 257 (*Sup. Ct.* 1924).

Incidentally, while not having any controlling effect upon the issue here, in addition to the registry list on file in the county clerk's office which was open to the plaintiff's inspection, five copies were furnished by the county board of elections to each major political party.

The appellant contends further that the trial court erroneously dismissed its complaint and entered summary judgment for the defendant, asserting that no application therefor had been made by the defendant and, therefore, that question was not before the court. It may well be. However, the determination of the question as to appellant's right to a copy of the registry is, in effect, a conclusive determination of the issue raised by the complaint. Certainly, no injustice to the defendant actually ensued.

The judgment is affirmed.